J-S11003-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GARY BONNER, III, | |
| Appellant | No. 1369 WDA 2015 |

Appeal from the Judgment of Sentence August 5, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0012913-2012

BEFORE:  OLSON, J., RANSOM, J., and STEVENS, P.J.E.*

MEMORANDUM BY OLSON, J.:                    **FILED JUNE 20, 2017**

Appellant, Gary Bonner, III, appeals from the judgment of sentence entered on August 5, 2015 in the Court of Common Pleas of Allegheny County, as made final by the denial of post-sentence motions.  We affirm.

The trial court summarized relevant factual and procedural history in this case is as follows.

> [Appellant] was charged with [i]nvoluntary [d]eviate [s]exual [i]ntercourse [(18 Pa.C.S.A. § 3123(a)(7))] and [u]nlawful [c]ontact with a [m]inor [(18 Pa.C.S.A. § 6318.1)].  He appeared before [the trial c]ourt on February 11, 2013 and, pursuant to a plea agreement with the Commonwealth, pled guilty to one (1) count of [s]tatutory [s]exual [a]ssault [(18 Pa.C.S.A. § 3122.1(a)(1))].  The remaining charge was withdrawn.  He was immediately sentenced to a term of probation of five (5) years.  No [p]ost-[s]entence [m]otions were filed and no direct appeal was taken.
>
> [Appellant] next appeared before [the trial c]ourt for review hearings on May 6, 2013 and September 16, 2013.  On both

---

*Former Justice specially assigned to the Superior Court.

occasions [Appellant] was noted to be out of compliance, but [the trial c]ourt continued his probation with special conditions.

[Appellant] next appeared before [the trial c]ourt on August 5, 2015 for a violation hearing. At the conclusion of that hearing, [Appellant's] probation was revoked and [the trial c]ourt imposed a term of imprisonment of one and one-half (1½) to five (5) years. A timely [p]ost-[s]entence [m]otion was filed and was granted in part as to the issue of credit for time served but denied in all other respects on August 31, 2015.

Trial Court Opinion, 6/23/16, at 1-2. This timely appeal followed.[1]

Appellant raises three questions for our review:

Is the revocation sentence of one and one-half (1½) to five (5) years of incarceration for a probation violation manifestly excessive and an abuse of discretion in that the trial court failed to consider, as it must, all required sentencing factors set forth in the sentencing code, specifically, 42 Pa.C.S.A. § 9771(c), 42 Pa.C.S.A. § 9721(b), and 42 Pa.C.S.A. § 9725, including the young age of [Appellant], his lack of a prior record, the technical nature of his violations, and his strong family support?

Is the revocation of sentence manifestly excessive, unreasonable, and an abuse of discretion where the trial court failed to order a pre-sentence investigation report, failed to provide reasons for not ordering said report, and, in fact, the trial court denied defense counsel's request to order and obtain a report?

Is the revocation sentence manifestly excessive, unreasonable, and an abuse of discretion where the trial court relied upon incorrect information in imposing sentence?

Appellant's Brief at 5.

In his brief, Appellant contends that the trial court abused its

discretion by imposing a manifestly excessive sentence that did not account

_____

[1] Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

for the factors identified in 42 Pa.C.S.A. §§ 9721(b) (general standards in imposing sentence), 9725 (criteria for imposing a sentence of total confinement), and 9771(c) (limitation on sentences of total confinement when revoking probation). Appellant also argues that the court abused its discretion in failing to order a pre-sentence investigation report as provided in Pa.R.Crim.P. 702. Lastly, Appellant claims the trial court relied upon inaccurate information when it imposed sentence. These claims challenge the discretionary aspects of Appellant's sentence. *See Commonwealth v. Rhoades*, 8 A.3d 912, 916 (Pa. Super. 2010) (claim alleging that sentence is excessive challenges discretionary aspects of punishment, not its legality), *appeal denied*, 25 A.3d 328 (Pa. 2011).[2]

"Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." *Commonwealth v. Clarke*, 70 A.3d 1281, 1287 (Pa. Super. 2013) (citation omitted). Appellant does not have an automatic right to appeal the discretionary aspects of his sentence. *See* 42

_____

[2] Contrary to the trial court's observation, *see* Trial Court Opinion, 6/23/16, at 4 (noting that appellate review following revocation of probation is limited to the validity of the revocation proceedings and the legality of a sentence), our review of an appeal from a revocation sentence includes discretionary sentencing challenges. *See Commonwealth v. Cartrette*, 83 A.3d 1030, 1034 (Pa. Super. 2013 (*en banc*). When considering discretionary sentencing challenges, we review the entire certified record. *Commonwealth v. Walls*, 926 A.2d 957, 961 n.1 (Pa. 2007).

Pa.C.S.A. § 9781(b). Instead, Appellant must petition this Court for permission to appeal the discretionary aspects of his sentence. ***Id.***

As this Court explained:

> To reach the merits of a discretionary sentencing issue, we conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. [708]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 [Pa.C.S.A.] § 9781(b).

***Commonwealth v. Cook***, 941 A.2d 7, 11 (Pa. Super. 2007); ***see also***

***Commonwealth v. Kalichak***, 943 A.2d 285, 289 (Pa. Super. 2008) ("when a court revokes probation and imposes a new sentence, a criminal defendant needs to preserve challenges to the discretionary aspects of that sentence either by objecting during the revocation sentencing or by filing a post-sentence motion"). In this case, Appellant filed a timely notice of appeal and properly preserved his claims in a post-sentence motion. Appellant's brief also contains a statement pursuant to Pa.R.A.P. 2119(f). Thus, we turn to whether the appeal presents a substantial question.

As we have explained:

> The determination of whether a particular case raises a substantial question is to be evaluated on a case-by-case basis. Generally, however, in order to establish that there is a substantial question, the appellant must show actions by the sentencing court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process.

*Commonwealth v. Marts*, 889 A.2d 608, 612 (Pa. Super. 2005) (internal citations omitted).

In his Rule 2119(f) statement, Appellant contends that: 1) the trial court failed to consider and weigh the relevant factors set forth in 42 Pa.C.S.A. § 9721(b); 2) the record does not meet the criteria for imposing total confinement as a revocation sentence; 3) the trial court imposed an unreasonable sentence in that it failed to place sufficient reasons for its sentence on the record; 4) the trial court refused to obtain a pre-sentence investigation report without explaining the reasons for its refusal on the record; and, 5) the trial court relied upon factually erroneous information in imposing its sentence. Appellant's Brief at 16-18. This Court recently reaffirmed that a defendant presents a substantial question for review where he challenges the revocation court's failure to consider the factors found in § 9721(b). *See Commonwealth v. Derry*, 2016 WL 6776292, *6 (Pa. Super. Nov. 15, 2016); *see also Commonwealth v. Cartrette*, 83 A.3d 1030, 1042-1043 (Pa. Super. 2013) (*en banc*) (in appeal from violation of probation sentence, substantial question presented by claim that sentencing court did not consider appropriate sentencing factors found in § 9721(b)). Moreover, this Court has held that a substantial question is raised where the trial court fails to consider a defendant's individualized needs. *Commonwealth v. Serrano*, 2015 WL 6776287, *2 (Pa. Super. Nov. 15, 2016). We have also determined that "a claim that a particular probation revocation sentence is excessive in light of its underlying technical violations

can present a question that we should review." ***Commonwealth v. Malovich***, 903 A.2d 1247, 1253 (Pa. Super. 2006) (citation omitted). Lastly, we have said that a sentencing court's failure to state adequate reasons for dispensing with a pre-sentence report raises a substantial question. ***See Commonwealth v. Kelly***, 33 A.3d 638, 640 (Pa. Super. 2011). Accordingly, we now turn to the merits of Appellant's sentencing claims.

In sentencing Appellant, the trial court was required to "consider the general principles and standards of the Sentencing Code." ***Commonwealth v. Russell***, 460 A.2d 316, 322 (Pa. Super. 1983). Section 9721 expresses these general principles in the following manner:

> the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.

42 Pa.C.S.A. § 9721(b). In addition, 42 Pa.C.S.A. § 9771(c) permits the trial court to impose a sentence of total confinement in order to vindicate its authority. 42 Pa.C.S.A. § 9771(c).

Here, the trial court imposed Appellant's original probationary sentence and subsequently presided over review hearings on May 6, 2013 and September 16, 2013.[3] The court's lengthy involvement in this case, together with its statements on the record, demonstrate an ample basis

---

[3] Despite Appellant's failure to comply with the conditions of his probation, the court continued his supervision on these prior occasions.

from which to infer that the court was thoroughly familiar with Appellant's history, character, rehabilitative needs, and conduct while on supervision. In imposing sentence, the court noted Appellant's multiple technical violations, including his possession of a cellular telephone with internet access capabilities, his failure to report and maintain contact with his probation officer for three months, his failure to report for drug screenings, his discharge from sex offender treatment, and his failure to make payments towards fines and costs. "Technical violations can support revocation and a sentence of incarceration when such violations are flagrant and indicate an inability to reform." *Commonwealth v. Carver*, 923 A.2d 495, 498 (Pa. Super. 2007). Based upon the record before us, we are satisfied that the trial court considered Appellant's personal characteristics in fixing the challenged sentence and that the court possessed sufficient grounds upon which to conclude that a sentence of total confinement was essential to vindicate its authority in the face of Appellant's repeated transgressions.

We are not persuaded by the arguments Appellant offers in support of relief. Initially, Appellant contends that the trial court ignored the relevant sentencing factors set forth in 42 Pa.C.S.A. § 9721(b) in that it failed to mention Appellant's youth, graduation from high school, work experience, acceptance of responsibility, family supports, and rehabilitative needs. *See* Appellant's Brief at 23-24. Although Appellant is correct that § 9721(b) directs the trial court to consider certain factors and place the reasons for its sentence on the record, our Supreme Court recently held that, following

revocation, a sentencing court need not undertake lengthy discourse regarding its punishment or specifically mention the statutes in question. ***Commonwealth v. Pasture***, 107 A.3d 21, 28 (Pa. 2014) ("[w]hen sentencing is a consequence of the revocation of probation, the trial judge is already fully informed as to the facts and circumstances of both the crime and the nature of the defendant"). Here, Appellant's multiple technical violations, committed after receiving lenient treatment following prior noncompliance, were clearly the basis for the sentence imposed by the trial court. Under these circumstances, we see no reason to withdraw the deference traditionally owed to the sentencing court or to vacate Appellant's revocation sentence.

Appellant next argues that the trial court failed to impose an individualized sentence and violated Pa.R.Crim.P. 702(A)(2)(a) in refusing, without explanation, to order a pre-sentence report prior to Appellant's revocation sentencing. ***See*** Pa.R.Crim.P. 702(A)(2) ("The sentencing judge shall place on the record the reasons for dispensing with the pre-sentence investigation report if the judge fails to order a pre-sentence report" where "incarceration for one year or more is a possible disposition under the applicable sentencing statutes[.]"). Appellant argues that he is entitled to resentencing because of this omission by the court.

This Court has provided "some latitude in how th[e requirement in Rule 702] is fulfilled." ***Commonwealth v. Carrillo–Diaz***, 64 A.3d 722, 726 (Pa. Super. 2013). Indeed, our case law does not require a pre-sentence

report in all instances. ***Commonwealth v. Goggins***, 748 A.2d 721 (Pa. Super. 2000) (*en banc*). Instead, the critical inquiry is whether the sentencing court was "[informed] of comprehensive information to make the punishment fit not only the crime but also the person who committed it." ***Carrillo–Diaz***, 64 A.3d at 725 (quotation omitted).

We are convinced that the trial court was sufficiently aware of the unique facts of the case to render an individually tailored punishment. The sentencing court here demonstrated a working knowledge of Appellant's character, background, and his response to supervisory programs. Moreover, while Appellant points to a lengthy list of factors that would be included in a pre-sentence report (***see*** Appellant's Brief at 30-31), many of the factors were brought to the court's attention by both defense counsel and Appellant's probation officer. Under these circumstances, we conclude that this claim merits no relief.

Appellant's final claim is that the trial court relied on inaccurate information in imposing its revocation sentence. First, Appellant argues the trial court erroneously believed that he maintained contact with the victim for a significant period of time when, in fact, the basis for his plea was that he engaged in a single proscribed sexual act. Second, Appellant points out that, contrary to the court's statement, the conditions of his probation did not always preclude him from having access to computers. He notes that he was permitted to use computers as part of his schoolwork when he originally commenced supervision. That exemption was removed, however, once

Appellant graduated from high school. Upon review, we conclude that any alleged misstatements by the court were fleeting in nature and wholly unrelated to the core issues pertaining to the character, frequency, and extent of Appellant's undisputed violations of the terms of his probation. Thus, Appellant's final claim merits no relief.

Judgment of sentence affirmed.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/20/2017